UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DONALD BURGO** | **CIVIL ACTION NO. 09-1164-LC** |
| **VS.** | **SECTION "P"** |
| **RONNIE FUSELET, ET AL** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C.§1983) complaint filed *in forma pauperis* by pro se plaintiff, Donald Burgo, on July 9, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. However, he complains of events that occurred while incarcerated at the St. Mary Law Enforcement Center (SMLEC), in Centerville, Louisiana. He names the following as defendants herein: SMLEC deputy/jailor Ronnie Fuselet; Centerville Sheriff David Naquin; the State of Louisiana; and SMLEC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

The claims made the basis of plaintiff's suit encompass a short time span in 2006. More specifically, he complains about events that occurred when he was hospitalized at Chalberts Medical Center in Houma, Louisiana, on April 6, 2006. On that day, plaintiff was undergoing hernia repair and claims that defendant Fuselet deliberately mistreated him by kicking his bed, turning the television's volume on high which kept him awake, and spraying mace on him while he was handcuffed to the hospital bed which prevented him from reaching the nurse's call button.

Plaintiff also states that when he was released from the hospital, he was placed in an isolation unit at SMLEC. He claims that unsanitary practices of the jail nurse and the denial of a wound-vac caused him to contract various infections which required a second operation to close the wound which opened.

Plaintiff filed a copy of an ARP concerning the incident. The ARP was deemed unfounded on April 12, 2006.

As a result of the above actions, plaintiff seeks compensatory damages in the sum of $1,500,000.00 for damages, loss of wages, and mental, physical and emotional truma/abuse/neglect. He asks the court to subpoena addresses of SMLEC employees named as defendants and those employed at SMLEC (including those that treated him) for eight months prior and post April 6, 2006. He also asks the court to subpoena his medical records from Chalberts' Medical Center. In addition, plaintiff seeks an investigation of the medical treatments at SMLEC and CPP, and psychological screening for any potential deputy.

## **LAW AND ANALYSIS**

Pursuant to 28 U.S.C. § 1915, *in forma pauperis* status was afforded plaintiff by an order of this court dated September 25, 2009 [Doc. #7]. That section imposes a screening responsibility on the district court and requires the court to dismiss the complaint without service of process at any time when the Court makes a determination that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B) reads in pertinent part as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief.

Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner in forma pauperis cases. See *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

"Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993). The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). Therefore, the court applies LSA Civil Code article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "...becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case, absent interruption or tolling of the period of limitations (which does not

appear applicable in this matter), plaintiff's causes of action with respect to his specific claims accrued in April 2006. Plaintiff's complaint was signed on July 3, 2009, some three years after the date of the alleged cause of action in this matter. Therefore, all of his civil rights claims based upon events which occurred prior to July 3, 2008, are clearly untimely and are barred by the statute of limitations and, therefore, are frivolous as a matter of law.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED,** in chambers, in Lake Charles, Louisiana, this 20th day of January, 2010.

_____
JUDGE KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4